UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAUNA LYNNE T.,[1]<br><br>　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. 2:25-cv-00278-DKG<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for disability and disability insurance benefits. (Dkt. 1). Having carefully reviewed the Complaint, the parties' memoranda, and the administrative record (AR), the Court will affirm the decision of the Commissioner for the reasons set forth below.

## BACKGROUND

On January 25, 2022, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on October 13, 2021. (AR 72). Plaintiff's application was denied initially and on reconsideration. A video hearing was conducted on April 9, 2024, before an Administrative Law Judge (ALJ).

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**MEMORANDUM DECISION AND ORDER - 1**

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on May 6, 2024, finding Plaintiff not disabled. (AR 72-92). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Plaintiff was forty-one years of age on the alleged onset date. (AR 91). Plaintiff is a high school graduate with past relevant work experience as a cashier checker, stores laborer, bakery sales clerk, machine packager, and cashier.  (AR 90-91). Plaintiff claims disability due to physical and mental impairments, including Post Traumatic Stress Disorder (PTSD), dependent personality disorder, unspecified opioid, stimulant, and alcohol related disorders, victim of early childhood abuse and domestic violence, bone issues in feet, and hip problems. (AR 81, 255).

### THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 74). At step two, the ALJ determined Plaintiff

**MEMORANDUM DECISION AND ORDER - 2**

suffers from the following medically determinable severe impairments: PTSD with Battered Women's Syndrome, anxiety, dependent personality disorder, depressive disorder, substance abuse disorder in remission, borderline intellectual functioning, degenerative disc disease of the cervical and lumbar spine, right sacroiliac joint dysfunction, and migraines. (AR 74). The ALJ found Plaintiff's other impairments, including varicose veins, plantarflexed fifth metatarsal of the right foot now status post osteotomy, dyspepsia, vitamin B12 deficiency, iron deficiency, intussusception, obesity, and history of bilateral carpal tunnel release, were non-severe impairments. (AR 75-76).

At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 76-81). The ALJ next found Plaintiff retained the Residual Functional Capacity (RFC) to perform light work with the following limitations:

> she can lift and carry, push and pull 20 pounds occasionally and 10 pounds frequently; can stand and walk for 6 hours of an 8 hour work day with standard breaks; can sit for 6 hours of an 8 hour work day with standard breaks; can frequently stoop, climb ramps and stairs, kneel, crawl and crouch, and occasionally climb ladders, ropes, and scaffolds. She should never have concentrated exposure to extreme heat, extreme cold, bright light, loud noise, and vibrations. She can understand, remember, and carry out simple tasks but not at an assembly line rate; can make simple work related decisions; can have occasional work-related interactions with co-workers and supervisors, and rare work-related interaction with the general public (5% [or] less of an 8-hour workday); and can have occasional changes in the work setting.

(AR 81).

At step four, the ALJ found Plaintiff unable to perform any past relevant work. (AR 90-91). At step five, the ALJ relied upon testimony from the vocational expert to conclude that jobs exist in significant numbers in the national economy that Plaintiff could perform

**MEMORANDUM DECISION AND ORDER - 3**

given her age, education, work experience, and RFC. (AR 91-92). The ALJ therefore found

Plaintiff not disabled from the alleged onset date through the date of the decision.

## ISSUES FOR REVIEW

1.    Whether the ALJ properly considered Plaintiff's subjective symptom statements related to the severity of her PTSD and supported the analysis with substantial evidence.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: (1) the decision is based on legal

error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874

F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587

U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d

625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole,

weighing both the evidence that supports and the evidence that does not support the ALJ's

conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only

those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517

n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified

by the ALJ and may not affirm for a different reason or based on post hoc rationalizations

attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v.

Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 122526 (9th Cir. 2009). If the ALJ's decision is

based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's

MEMORANDUM DECISION AND ORDER - 4

findings even if other evidence may exist that supports Plaintiff's claims. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); 42 U.S.C. § 405(g). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ erred by failing to provide clear and convincing reasons for disregarding her subjective symptom testimony related to the severity of her PTSD[2], and the decision is not supported by substantial evidence. (Dkt. 12). Defendant maintains the ALJ properly considered Plaintiff's self-reports and supported the analysis with substantial evidence, because the ALJ found her testimony inconsistent with her treatment history, daily activities, and the objective medical evidence in the record. (Dkt. 19).

## 1.    Legal Standard

The ALJ engages in a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); SSR 16-3p. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (quoting *Garrison*, 759 F.3d at 1014-15; 20 C.F.R. § 404.1529 (Mar. 27, 2017)).

---

[2] Plaintiff broadly labels the issue as the ALJ's failure to properly acknowledge and evaluate her testimony as to all mental symptoms, but only supports the argument as it relates to her testimony about the severity of her PTSD symptoms. (Dkt. 12). Accordingly, Plaintiff has waived argument related to the other mental symptom testimony. *Bray*, 554 F.3d at 1219, n.7 (finding arguments not raised in the opening brief waived); *Carmickle*, 533 F.3d at 1161 n.2 (declining to consider arguments not raised with specificity in the briefing). The Court will therefore address the parties' arguments related to the ALJ's consideration of Plaintiff's PTSD symptom testimony.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ next evaluates the intensity and persistence of the symptoms to determine the extent that the symptoms limit a claimant's ability to perform work related activities based on the entire case record. SSR 16-3p. The ALJ may discredit a claimant's testimony about the severity of their symptoms only by offering specific, clear and convincing reasons for doing so. *Trevizo*, 871 F.3d at 678; *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). These reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The clear and convincing standard does not require the Court to be convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

2. **Analysis**

First, the ALJ reviewed Plaintiff's objective medical evidence and found that her medically determinable impairments could reasonably be expected to cause the alleged symptoms. The ALJ summarized Plaintiff's functional reports where she alleged her conditions limit her ability to work because she has issues remembering, completing tasks, concentrating, understanding, following instructions, and getting along with others. (AR 81, 277-78, 300-04). In her April 21, 2022 function report, Plaintiff stated she has reminders on her phone to help her take her medicine, that she has nightmares that affect her sleep, and that the PTSD makes her want to hide sometimes and prevents her from moving. (AR 273-74). In her August 22, 2022 function report, Plaintiff described isolation during mental breakdowns, lower mental stability and more relapses due to PTSD triggers. (AR 303).

**MEMORANDUM DECISION AND ORDER - 6**

Plaintiff reported having been fired or laid off from a job due to being triggered and unable to move or do anything for four days when her PTSD was high. (AR 304).

The ALJ also summarized Plaintiff's hearing testimony where she stated that she has instances where her PTSD is triggered and she is physically "frozen" sometimes for up to four or five days at a time. (AR 20, 27). During the hearing, Plaintiff also complained of night terrors at least once to twice a week due to her PTSD. (AR 29, 32). Plaintiff testified that her PTSD primarily prevents her from working at all now, but she also complained of anxiety, depression, domestic violence syndrome, and addiction. (AR 27-28). Plaintiff testified she is in therapy and takes medications for her mental health, and that the medications sometimes help her. (AR 28-29).

Next, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely consistent with the medical evidence and other evidence in the record. (AR 82). In making this determination, the ALJ identified and discussed medical evidence demonstrating that Plaintiff's impairments do not support the level of functioning limitation alleged; records of minimal treatment and control of symptoms with therapy and medication; and daily activities inconsistent with her complaints of disabling symptoms.  For the reasons that follow, the Court finds the ALJ provided clear and convincing reasons for discounting Plaintiff's symptom statements.

An ALJ may reject a claimant's symptom testimony if the testimony is contradicted by evidence in the medical record. *Carmickle*, 533 F.3d at 1161 ("Contradiction with the

**MEMORANDUM DECISION AND ORDER - 7**

medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."). Further, improvement of symptoms with medication or treatment, and the use of conservative treatment or the lack of treatment can be bases for discrediting symptom allegations. *See e.g., Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); *Smartt*, 53 F.4th at 496-497 (concluding that the ALJ properly discounted the claimant's testimony based on inconsistencies with the medical record, the claimant's daily activities, and the claimant's conservative treatment). However, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of [fully corroborating] medical evidence." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *see also* 20 C.F.R. § 404.1529(c)(2) (the Commissioner "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements"); *Smartt*, 53 F.4th at 498 (ALJ cannot discredit subjective symptom testimony "by demanding positive objective medical evidence 'fully corroborat[ing]' every allegation within the subjective testimony.").

Plaintiff takes issue with the ALJ's evaluation of her hearing testimony regarding the severity of her PTSD symptoms. (Dkt. 12 at 4). Plaintiff claims that the ALJ erred in rejecting her symptom testimony regarding the severity of her PTSD symptoms because the

**MEMORANDUM DECISION AND ORDER - 8**

ALJ "completely failed to acknowledge, identify discuss or evaluate the intensity and persistence" of her testimony. *Id.* However, as discussed herein, the ALJ expressly referenced Plaintiff's hearing testimony several times throughout the decision and ultimately incorporated limitations in the RFC that are supported by substantial evidence in the record. (AR 78-79, 81-82, 89). While Plaintiff highlights other portions of the record containing her self-reports of symptoms, the ALJ reasonably relied on the objective portions of the records – e.g., the mostly normal exam findings, minimal clinical signs and symptomatology, minimal treatment or medication, and inconsistent activities – in finding Plaintiff's symptom statements inconsistent with the evidence in the record. Further, the ALJ rationally concluded that the level of Plaintiff's daily activities was inconsistent with the severity of her symptom statements. Plaintiff's alternative reading of the record does not require remand. The question on review is not whether substantial evidence exists to support the claimant's preferred findings, but whether substantial evidence supports the ALJ's findings. *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). Where "the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Ford*, 950 F.3d at 1154 (quoting *Burch*, 400 F.3d at 679). Here, the ALJ properly considered Plaintiff's symptom statements and the entire record, and reasonably concluded that Plaintiff's statements were inconsistent with the medical evidence and other evidence in the record.

Here, the ALJ found Plaintiff's symptom testimony inconsistent with the medical evidence, pointing to specific contradictions between Plaintiff's testimony and the medical record. (AR 82-86). After the ALJ summarized Plaintiff's functional reports and hearing

**MEMORANDUM DECISION AND ORDER - 9**

testimony regarding the alleged severity of her PTSD symptoms, the ALJ then summarized Plaintiff's documented mental health records, including neurotherapy and behavioral health treatment records, noting that while the records demonstrate some mental status abnormalities, they also demonstrate mostly normal and unremarkable findings. (AR 82-83 citing AR 389-99, 491-500, 569-628, 865, 1002, 1017-20, 1098, and 1113-14). The ALJ's observation of these records is accurate. The instances of records reporting objective signs of Plaintiff's PTSD symptoms were limited. The ALJ pointed to a single record where Plaintiff was noted to have an anxious mood, rapid speech, impairment of attention/concentration, and impairment of long-term memory. (AR 83 citing AR 1154-55). As the ALJ accurately noted, this February 20, 2024 psychiatry record includes a mental status exam which also found Plaintiff to have average eye contact, appearance within normal limits, a cooperative attitude, and a logical thought process; and within normal limits for perception, thought content, insight, and judgment. (AR 83 citing AR 1154-55).

While the ALJ observed that Plaintiff's treatment notes and testimony reflected her mental impairments and related symptoms, the ALJ also found her symptoms appeared to be effectively managed with treatment, including medication and therapy. *Warre*, 439 F.3d at 1006 ("Impairments that can be controlled effectively with medication are not disabling.") (citations omitted). The ALJ noted Plaintiff "has not required emergency room visits or inpatient hospitalizations for uncontrolled mental symptoms since her alleged onset date of disability." (AR 85). The ALJ also noted the record does not indicate more extreme measures for uncontrolled mental symptoms have been discussed or suggested. (AR 85). Rather, Plaintiff's symptoms appear to be controlled with the more conservative treatments

**MEMORANDUM DECISION AND ORDER - 10**

of therapy and medication discussed in the numerous medical records cited. (AR 82). The ALJ therefore reasonably concluded that the level of severity alleged by Plaintiff – that when triggered, her PTSD prevented her from functioning for days at a time – was inconsistent with the limited number of records reporting observed signs of her symptoms, and no evidence of uncontrolled mental symptoms causing emergency room visits or inpatient hospitalizations. Plaintiff's alternative reading of the record is not a basis for remand. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). For these reasons, the Court finds the ALJ's conclusion that the medical evidence conflicted with Plaintiff's allegations of the severity of her PTSD symptoms was rational and supported by substantial evidence. *Smartt*, 53 F.4th at 499 (The clear and convincing standard does not require the Court to be convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince.").

The records cited by Plaintiff to establish that her PTSD symptoms materially limit her ability to perform work activities do not establish error, as the ALJ did not discredit her symptom testimony based on a lack of objective medical evidence. Nor did the ALJ conclude that Plaintiff did not suffer from symptoms of PTSD. (AR 76-79, 81-86). Rather, the ALJ found the overall medical evidence was inconsistent with the level of functional limitations alleged by Plaintiff and, as determined above, the ALJ's decision was supported by substantial evidence. (AR 81-86). The Court must uphold the ALJ's conclusion where, as here, the evidence is subject to more than one rational interpretation and the ALJ's decision is supported by substantial evidence. *Burch*, 400 F.3d at 679. Further, the ALJ expressly

**MEMORANDUM DECISION AND ORDER - 11**

considered Plaintiff's limitations in interacting with others and adapting or managing herself due to her PTSD in assessing the RFC limitations. (AR 78-79, 81, 85).

Based on the foregoing, the Court finds the ALJ identified a specific, clear, and convincing reason to reject Plaintiff's symptom statements based on inconsistencies between the medical record and Plaintiff's statements.

Further, the ALJ found Plaintiff's reported activities were inconsistent with the level of limitations alleged. (AR 86). "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Trevizo*, 871 F.3d at 682 (citation omitted); *see also Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citation omitted). "Even if the claimant experiences some difficulty or pain, [the claimant's] daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'" *Smartt*, 53 F.4th 499 (quoting *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012)).

The ALJ noted the overall record reflects that Plaintiff was actively going to the gym in early 2022 (AR 423) and noted as "Very active, cleans houses" in April 2023 (AR 662). (AR 86). The ALJ also referenced Plaintiff's function reports, noting that she helps take care of her children and pets, prepares daily meals, shops in stores, pays bills, and drives a car. (AR 86 citing AR 273-75, 301-02). The ALJ found Plaintiff's ability to engage in these activities inconsistent with her symptom allegations. Earlier in the decision, the ALJ

**MEMORANDUM DECISION AND ORDER - 12**

discussed these same daily activities relevant to Plaintiff's mental impairments and functional abilities. (AR 78-79). The Court finds the ALJ's reasoning is easily discernable in this regard, as the ALJ cited the same records in the sections of the decision and provided a consistent explanation of the symptom statements that were found to be inconsistent with the daily activities – namely, that when triggered, her PTSD can prevent her from functioning for days at a time. *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (When determining whether a decision is supported by substantial evidence, courts "look[ ] to all the pages of the ALJ's decision."); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (upholding an ALJ's decision where "the agency's path may reasonably be discerned….").

Further, the Court finds the ALJ's rationale is supported by substantial evidence and is sufficiently convincing. *Smartt*, 53 F.4th at 499. The ALJ noted Plaintiff's daily activities included attending AA (Alcoholics Anonymous) meetings, caring for her children and pets, doing some household chores including cleaning and cooking, shopping in stores, visiting with others, and driving a car. (AR 78-79, 86). The ALJ reasonably found these activities inconsistent with Plaintiff's testimony of disabling PTSD symptoms that make work impossible. (AR 78-79, 86). Notably, the ALJ did not conclude that Plaintiff had no limitations in her ability to perform work-related activities in this regard. (AR 81). Rather, the ALJ found that the overall evidence did not support the level of limitations Plaintiff alleged given her daily activities. *Smartt*, 53 F.4th 499. The ALJ then incorporated limitations into the RFC that accounted for the extent to which the record demonstrated that Plaintiff's symptoms impaired her ability to understand, remember, carry out instructions or

**MEMORANDUM DECISION AND ORDER - 13**

tasks, make work related decisions or judgments, interact with others, and adapt to changes in the workplace. (AR 81). For these reasons, the Court finds the ALJ identified a clear and convincing reason to discredit Plaintiff's statements and that the rationale is supported by substantial evidence.

## **ORDER**

For the reasons stated herein, the Commissioner's decision finding Plaintiff not disabled within the meaning of the Social Security Act is **AFFIRMED** and the Complaint (Dkt. 1) is **DISMISSED**.

DATED: June 5, 2026

Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 14**